FILED'09 DEC 3 16:11 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,

               Plaintiff,

     v.

JOSE GARCIA,

               Defendant.

No. CR 08-491-MO

OPINION AND ORDER

MOSMAN, J.,

     Mr. Garcia is charged in a superceding indictment with one count of illegally reentering

the United States in violation of 8 U.S.C. § 1326(a) (#44). This matter comes before the Court on

defendant Jose Garcia's pro se Motion to Dismiss (#76). In his motion, Mr. Garcia claims the

charge against him must be dismissed because his arraignment rights were violated and the

violation cannot be cured. Specifically, Mr. Garcia argues that (1) the arraignment procedures

were insufficient; (2) the arraignment was not timely; and (3) counsel was forced upon him at

arraignment against his will, in violation of his Sixth Amendment rights. Based on the following

analysis, I DENY Mr. Garcia's Motion to Dismiss (#76).

## BACKGROUND

     On November 4, 2008, a grand jury indicted Mr. Garcia on three counts of illegal reentry.

(#1). An arrest warrant issued on November 5, 2008, and Mr. Garcia was arrested pursuant to the

warrant on November 7, 2008. On the day of his arrest, Mr. Garcia entered an initial appearance

before Magistrate Judge Dennis J. Hubel and was arraigned. (Mins. (#3).) At the arraignment,

Mr. Garcia was represented by court-appointed counsel, Ruben Iniguez, and waived reading of

the Indictment, was advised of his rights, and entered a plea of not guilty. (*Id.*) Judge Hubel

found that Mr. Garcia was a flight risk and ordered that Mr. Garcia be held in custody pending

trial. (*Id.*)

On November 4, 2009, exactly a year after Mr. Garcia was first indicted, the United

States obtained a superceding indictment charging Mr. Garcia with one count of illegal reentry

(#44). An arraignment hearing was held on November 9, 2009 before this Court. (Mins. (#64).)

Mr. Garcia was represented by counsel,[1] advised of his rights and the charge against him, and

entered a plea of not guilty. (*Id.*)

## DISCUSSION

## I.   Sufficiency of Arraignment Procedures under Federal Law

As a threshold matter, Mr. Garcia cites Oregon statutes throughout his motion. Because

this case was filed in the United States District Court for the District of Oregon, this case is

governed by federal law and the Federal Rules of Criminal Procedure, not Oregon state law. In

addition to his constitutional rights, Mr. Garcia is entitled to certain procedural rights under

Federal Rule of Criminal Procedure 10. This rule entitles Mr. Garcia to the following procedures:

(1)   The arraignment must be conducted in open court;

---

[1] Since his initial appearance on November 7, 2008, Mr. Garcia has been represented by
seven different court-appointed attorneys. Five of these attorneys moved to withdraw at Mr.
Garcia's request. (*See* Attorney Affs. Regarding Mots. to Withdraw (#11), (#18), (#26), (#67),
(#73).

(2)     The defendant must receive a copy of the indictment;

(3)     The defendant must be read the indictment or receive a statement indicating the substance of the charge against him; and

(4)     The defendant must be asked to plead to the indictment.

Fed. R. Crim. P. 10(a).

These procedures were followed in this case. Both arraignments were conducted in open court. At both arraignments, Mr. Garcia received a copy of the indictments against him and was asked to plead to the indictments. He had an opportunity to plead to the charges against him, and pleaded not guilty each time. Therefore, I find that both arraignments complied with the Federal Rules of Criminal Procedure in all respects.

## II.     Timeliness of Arraignment

Mr. Garcia alleges that a delay between his November 4, 2008 indictment and his November 12, 2008 arraignment violated his due process rights because the U.S. Constitution requires that he be arraigned within 36 hours of arrest. (Mot (#76) 1.) It appears that Mr. Garcia is confusing his arraignment rights with his Fourth Amendment right to a prompt determination of probable cause under *Gerstein v. Pugh*, 420 U.S. 103 (1975). After a warrantless arrest, "the Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention." *Gerstein*, 420 U.S. at 126. A judicial determination is presumptively timely if it occurs within 48 hours of arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 46 (1991).

Assuming that Mr. Garcia means to allege a violation of his rights under *Gerstein*, I find that there is no such violation on the facts of this case. Mr. Garcia was arrested and arraigned on the same day: November 7, 2008. In alleging that his rights have been violated, Mr. Garcia is

-3-

mistaken about the two relevant dates at issue. First, although he was indicted on November 4, 2008, he was not arrested until November 7, 2008. The *Gerstein* clock begins to run from the time of arrest, not the time of indictment. Second, Mr. Garcia was arraigned on November 7, 2008, not November 12, 2008. November 12, 2008, is the date on which the minutes of the arraignment hearing were entered into the Court's electronic database (*See* Mins. (#3)). I find that Mr. Garcia received a timely arraignment and judicial determination of probable cause.

## III.    Sixth Amendment Rights

Mr. Garcia also argues that his constitutional rights were violated because "counsel was thrusted UPON defendant without the Court taking into consideration how defendant wanted to proceed as to his choice of counsel." (Mot. (#76) 7.) His argument misunderstands the nature and scope of his Sixth Amendment right to counsel. Although Mr. Garcia has a constitutional right to receive the assistance of counsel, he does not have an associated right to receive the assistance of a particular attorney of his choosing. *See, e.g., Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970); *Reiff v. United States*, 299 F.2d 366, 367 (9th Cir. 1962). Mr. Garcia's Sixth Amendment rights were not violated when the Court appointed an attorney to represent him at arraignment.

To the extent that Mr. Garcia's motion asserts a violation of his constitutional right to self-representation under *Faretta v. California*, 422 U.S. 806, 835 (1975), that argument must also be rejected. Although the Sixth Amendment right to self-representation is absolute, it carries certain preconditions. Before a court may allow a defendant to represent himself, the defendant must "knowingly and intelligently" waive his Sixth Amendment right to counsel, and he must clearly and unequivocally indicate to the Court that he wants to represent himself. *Id.* Neither Mr. Garcia nor his counsel raised the issue of self-representation at either of Mr. Garcia's

-4-

arraignments. Because Mr. Garcia did not clearly and unequivocally indicate his desire to represent himself during those proceedings, his constitutional rights were not violated by the appointment of counsel to represent him at arraignment.

## CONCLUSION

Mr. Garcia's motion to dismiss is based on his underlying concern that he was denied a fair arraignment, which prejudiced his rights in a way that cannot be cured. I find, however, that Mr. Garcia received the full procedural and constitutional rights to which he is entitled. Therefore, Mr. Garcia's Motion to Dismiss (#76) is DENIED.

IT IS SO ORDERED.

DATED this ___ day of December, 2009.

MICHAEL W. MOSMAN
United States District Court