FILED'10 APR 9 16:09USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE GARCIA,

        Defendant.

No. CR 08-491-MO

OPINION AND ORDER

MOSMAN, J.,

    Mr. Garcia is charged in a superceding indictment with one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(a) (#44). This matter comes before the Court on defendant Jose Garcia's seven motions to dismiss [(#94), (#97), (#99), (#100), (#101) & (#103)] and his Motion to Prevent Enhancement of Penalty (#102). Four of these motions were filed by Mr. Garcia's counsel at Mr. Garcia's request [(#99), (#100), (#101), (#102)], and four were filed by Mr. Garcia acting pro se [(#94), (#95), (#97) & (#103)]. These motions allege violations of the Speedy Trial Act, the statute of limitations, the Sixth Amendment, and principles of fundamental fairness. For the following reasons, I DENY Mr. Garcia's motions to dismiss and the motion to prevent enhancement.

## BACKGROUND

Mr. Garcia was originally indicted on November 4, 2008 on three counts stemming from an alleged illegal reentry into the United States. He was arraigned at his initial appearance on November 7, 2009. On November 4, 2009, the United States obtained a superceding indictment charging Mr. Garcia with one count of illegal reentry in violation of 8 U.S.C. 1326 (#44). The superceding indictment alleges that Mr. Garcia was found in the United States on or about October 29, 2007 after having been deported from the United States as an alien on April 27, 1999.

## DISCUSSION

### I.  Motion to Dismiss for Violation of Speedy Trial Act

Mr. Garcia alleges that the government's delay in bringing him to trial has failed to bring him to trial within seventy days of his initial appearance, as required by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). As the government has noted in its response (#104), Mr. Garcia's calculations fail to account for all periods that are excludable due to the filing of pending motions, *see* 18 U.S.C. § 3161(h)(1)(D), along with other judicial findings of excludable delay. I find that the government's calculations accurately reflect the excludable periods in this case, and that only sixty-four days of non-excludable delay have elapsed since Mr. Garcia's initial appearance on November 7, 2008. Accordingly, there has been no Speedy Trial Act violation, and Mr. Garcia's motion to dismiss is denied.

### II. Motion to Dismiss for Violation of the Statute of Limitations

Mr. Garcia asserts that this case should be dismissed because he was charged after the five-year statute of limitations had run. I disagree. Mr. Garcia has been charged under 18 U.S.C.

§ 1326, which courts have construed "as describing a continuing offense that tolls the statute of limitations as long as such an alien is present in the United States." *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1194 (9th Cir. 1979). Accordingly, because Mr. Garcia has remained in the United States since he first reentered, the statute of limitations has been tolled from the date of his reentry.

I acknowledge that the Third Circuit has adopted a rule that the statute of limitations begins to run "when the deported alien presents him or herself at the border checkpoint" because the United States is deemed to have "notice that a deported alien reentered the United States without authorization,"[1] *United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437 (9th Cir. 1995) (citing *United States v. DiSantillo*, 615 F.2d 128 (3d Cir. 1980)), and that Mr. Garcia alleges that he entered the United States legally through an official border checkpoint. But even if I accept as true Mr. Garcia's assertion that he entered the United States in 2005 through an official border checkpoint near Tijuana, Mexico and San Diego, California (*see* Hr'g Tr. Apr. 8, 2010), application of the *DiSantillo* rule would not result in a statute of limitations violation. Mr. Garcia was indicted in 2008, only three years after the United States would be deemed to have notice of his reentry. Therefore, I deny Mr. Garcia's motion to dismiss for a violation of statute of limitations.

### III. Motion to Dismiss for Violation of Sixth Amendment

Mr. Garcia argues that his Sixth Amendment rights were violated at his arraignment on November 7, 2008 because his court-appointed counsel waived his right to have the indictment

---

[1] Although the Ninth Circuit has acknowledged the existence of the *DiSantillo* rule, it has not yet decided whether it would adopt the same rule. *Ortiz-Villegas*, 49 F.3d at 1437.

read to him and because his counsel was a member of the California State Bar rather than the Oregon State Bar. Mr. Garcia asserts that the combined prejudice of these two actions can only be cured by dismissal of the indictment.

I deny Mr. Garcia's motion. At his arraignment, Mr. Garcia was represented by licensed counsel as required by the Sixth Amendment. For Sixth Amendment purposes, it does not matter that his counsel was a member of the California State Bar. Nor does the allegedly improper waiver of reading the indictment amount to a Sixth Amendment violation.

### IV.    Motion to Prevent Enhancement of Penalty Under 8 U.S.C. § 1326(b)(1)

This motion argues that it would be fundamentally unfair to introduce evidence of Mr. Garcia's 1998 state conviction, which led to his deportation, when he is currently seeking to have that conviction vacated. Mr. Garcia also asserts that the indictment in this case, which charges him only with a violation of 8 U.S.C. § 1326(a), does not properly place him on notice of the enhancement provision of 8 U.S.C. § 1326(b).

Title 8, United States Code, Section 1326(d) expressly limits the circumstances under which a defendant may collaterally attack an underlying deportation order. One of these circumstances arises if "the entry of the [deportation] order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). Despite Mr. Garcia's challenges to the underlying state conviction, including the alleged victims sworn recantation, I do not find that the entry of the deportation order was fundamentally unfair, nor do I find that using a prior state conviction to enhance a federal sentence amounts to a due process violation. Also, the indictment in this case adequately put Mr. Garcia on notice of both the charge against him and the penalties he would face if he is convicted.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Garcia's motions to dismiss [(#99), (#100), (#101) & (#102)]. I also DENY Mr. Garcia's pro se motions to dismiss [(#94), (#95), (#97) & (#103)], which mainly raise the same arguments as the motions filed by counsel.

IT IS SO ORDERED.

DATED this 9 day of April, 2010.

MICHAEL W. MOSMAN
United States District Court